IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-15-0241 |
| JONATHAN ROBERT BLACKMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On August 26, 2015, Defendant Jonathan Robert Blackman ("Defendant" or "Blackman") pled guilty to conspiracy to distribute and attempt to distribute heroin, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin, cocaine, and marijuana, in violation of 21 U.S.C. § 841. (Arraignment, ECF No. 13; Plea Agreement, ECF No. 14.) On November 28, 2016, this Court sentenced Blackman to a total term of 120 months (10 years) of imprisonment. (Judgment & Commitment Order ("J&C"), ECF No. 35.) Blackman's current release date is June 1, 2023.

On May 11, 2020, Blackman filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he cites concerns about the spread of COVID-19 at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, where he is presently incarcerated. (ECF No. 66.) The Government opposes the motion. (ECF No. 68.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Blackman's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 66) is DENIED.

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.  The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i).

## I.   Administrative Exhaustion Requirements.

Blackman does not appear to have submitted a request for compassionate release from the Warden of FCI Fort Dix.  Blackman does not represent that he has cleared this mandatory procedural hurdle or attach any documents to his motion evincing his compliance.  Accordingly, this Court is without jurisdiction to grant Blackman the relief he seeks.  *See United States v. Johnson*, RDB-14-0441, --- F. Supp. 3d ---, 2020 WL 1663360, at *2 (D. Md. Apr. 3, 2020) ("The exhaustion requirements of § 3582(c)(1)(A) are jurisdictional in nature, and this Court may not expand its jurisdiction by waiving such requirements."); *see also United States v.*

*Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to satisfy exhaustion requirements "presents a glaring roadblock foreclosing compassionate release").

## II.     Extraordinary and Compelling Reasons.

Even if Blackman had satisfied the administrative exhaustion requirement, he has failed to present "extraordinary and compelling reasons" for his release.  The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).  Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).  Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release.  U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission.  U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis.  As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise

their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his motion, Blackman argues that the presence of COVID-19 at Fort Dix and the inability to follow social distancing protocols justifies his immediate release from prison. Blackman does not represent that he suffers from any medical conditions which render him uniquely susceptible to the virus. Absent evidence of such conditions, the mere existence of COVID-19 does not justify compassionate release. As this Court has previously admonished, "the coronavirus is not tantamount to a get out of jail free card." *United States v. Hiller*, ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quotation marks and citation omitted). Accordingly, Blackman is not entitled to compassionate release.

### III. Application of 18 U.S.C. § 3553(a).

Even if Blackman had satisfied his administrative remedies or presented the requisite "extraordinary and compelling reasons" for a sentence reduction, he would not be entitled to compassionate release. Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Blackman's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the

seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

These factors weigh heavily against Blackman's early release from prison. Blackman's instant offenses involved the wide-spread trafficking of deadly drugs. A search warrant issued in connection with these offenses resulted in the discovery of more than $60,000 in cash and a 12-guage shotgun at Blackman's home in Frederick, Maryland, both of which he forfeited pursuant to his plea agreement. (ECF No. 14 at 6.) Blackman's lengthy criminal history, detailed in the Presentence Investigation Report (ECF No. 39), demonstrates that he is prone to recidivism. Permitting him to serve little more than half of his sentence would endanger his community and would not serve as an effective deterrent. Accordingly, compassionate release is not appropriate.

## **CONCLUSION**

Accordingly, it is HEREBY ORDERED this 29th day of July, 2020, that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 66) is DENIED.

    /s/
Richard D. Bennett
United States District Judge